UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOEL DAVILA CALIXTO, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>MARTIN J. WALSH, in his official capacity as United States Secretary of Labor, [1] *et al.*,<br><br>    Defendants. | Civil Action No. 19-1853 (CKK) |

MEMORANDUM OPINION
(March 24, 2021)

Plaintiffs Joel Davila Calixto, Hector Hernandez Gomez, Leonardo Aviles Romero, Hilario Olvera Gutierrez, and Jorge Palafox Juarez worked as seasonal laborers in the H-2B nonimmigrant visa program in 2013. Compl. ¶¶ 4–8, ECF No. 1. Plaintiffs contend that they are owed increased wages for the services they performed pursuant to a rule issued by the Department of Labor ("DOL") in 2013 revising the methodology for calculating wages for H-2B workers.

Before the Court is Plaintiffs' [26] Motion for Leave to File an Amended and Supplemental Complaint pursuant to Federal Rules of Civil Procedure 15(a)(2) and 15(d). Defendants oppose Plaintiffs' Motion, contending that the claims asserted by Plaintiffs in their Amended Complaint are futile. Upon review of the pleadings, [2] the relevant legal authority, the record as a whole, the Court shall GRANT Plaintiffs' Motion.

---

[1] Under Federal Rule of Civil Procedure 25(d), Martin J. Walsh, U.S. Secretary of Labor is substituted as a defendant in this case.

[2] The Court's consideration has focused on the following: Plaintiffs' Motion for Leave to File an Amended and Supplemental Complaint ("Pls.' Mot."), ECF No. 26; Defendants' Opposition to Plaintiffs' Motion for Leave to File an Amended and Supplemental Complaint ("Defs.' Opp'n"), ECF No. 27; and Plaintiffs' Reply Memorandum in Further Support of Motion for Leave to File an Amended and Supplemental Complaint ("Pls.' Reply"), ECF No. 28. The Court has also

## I. BACKGROUND

Plaintiffs are Mexican nationals who worked in seasonal employment in the United States in 2013 as part of the H-2B nonimmigrant visa program. Compl. ¶¶ 4–8, ECF No. 1. Employers seeking to participate in the H-2B are required to obtain labor certifications from the Secretary of Labor, which, among other issues, determine the "prevailing wage" tha H-2B workers must be paid. *See* Pls.' Mot. at 4.

In 2013, DOL revised its methodology for prevailing wage calculations, vacating an earlier 2008 methodology. *See* Wage Methodology for the Temporary Non-Agricultural Employment H-2B Program, Part 2, 78 Fed. Reg. 24,047 (Apr. 24, 2013) ("2013 IFR"). The 2013 IFR noted that under the vacated 2008 methodology, H-2B workers were being underpaid. *Id.* at 24,056; *see also* Defs.' Opp'n at 6 ("The 2013 IFR's methodology generally resulted in higher prevailing wages than under the 2008 Methodology[.]"). The 2013 IFR became "effective immediately" and applied to "all requests for prevailing wage determinations and applications for [certifications] in the H-2B program issued on or after the effective date of this interim rule." 78 Fed. Reg. at 24,055. DOL then issued "supplemental prevailing wage determinations" (SPWDs) to H-2B employers—including Plaintiffs' employers—who had obtained certifications in 2013 based on the vacated wage methodology.

Plaintiffs participated in the H-2B visa program in 2013. Compl. ¶¶ 4–8. In June and July 2013, Plaintiffs' employers received SPWDs based on the revised methodology set forth in the 2013 IFR. *Id.* ¶¶ 20–22. Plaintiffs claim that the wages rates set forth in the SPWDs exceeded the wages they were paid; in other words, they were owed more wages than they received for their

---

reviewed Plaintiffs' Notices of Supplemental Authority, *see* ECF Nos. 29, 31, and 32, and the parties' response to the Court's March 18, 2021 Minute Order, *see* ECF No. 33.

work in 2013.  *Id.* ¶¶ 20–22.  Each of Plaintiffs' employers sought "redetermination" by DOL of the SPWDs issued to them.  *Id.*  ¶ 26.

As the result of a separate administrative challenge by an employer who had received an SPWD with the revised wage methodology, DOL's Board of Alien Labor Certification Appeals (BALCA) issued a decision concluding that DOL lacked the authority to issue the SPWDs to employers whose H-2B certifications for 2013 had already been approved based on the vacated prevailing wage methodology.  *See Island Holdings LLC*, 2013-PWD-00002 (BALCA Dec. 3, 2013) ("*Island Holdings*"); Defs.' Opp'n at 7–8.

On December 17, 2014, the Secretary of Labor issued a "Notice of Intent to Issue Declaratory Order, 79 Fed. Reg. at 75,179 (Dec. 17, 2014) ("Notice of Intent"), proposing to "issu[e] a declaratory order to overrule the BALCA's decision and legal conclusions in *Island Holdings*" and to "eliminate the confusion and uncertainty" that decision had created about the application of the 2013 IFR to employers who had obtained H-2B certifications for 2013 prior to the promulgation of the revised methodology.  *See id.* at 75,183.  After the comment period for the Notice of Intent ended, the Secretary of Labor took no further action with respect to the proposed declaratory order.  Compl. ¶ 34; Defs.' Opp'n at 9.  Approximately 1,000 SPWD administrative appeals—including those of Plaintiffs' employers—remained pending.  Defs.' Opp'n at 9.

At the time Plaintiffs filed their Complaint in June 2019, no decision had been issued on their employers' requests for redetermination of the SPWDs they received in 2013 and Plaintiffs had still not received "back wages to account for the difference between the SPWD wage rate and the wage they actually paid in 2013."  Compl. ¶ 27.  Plaintiffs alleged in their Complaint that DOL's "delay" in "giv[ing] effect" to the wage rates set forth in the 2013 SPWDs requests was "unreasonable" agency action under section 706(1) the APA.  *Id.* ¶¶ 42–44.  Plaintiffs also alleged

that DOL's "ongoing stay of action" with respect to their review of the employers' requests for redetermination of the 2013 SPWDs was "arbitrary and capricious." *Id.* ¶¶ 46–48.

Defendants moved to dismiss Plaintiff's complaint on September 26, 2019, arguing, among other reasons, that the Court lacked jurisdiction because "DOL agrees with Plaintiffs' position on SPWD" (referring to DOL's December 2014 "Notice of Intent") and therefore there was no case or controversy between the parties. *See* Defs.' Mot. to Dismiss at 13–14, ECF No. 13. Plaintiffs then filed a cross-motion for summary judgment on November 4, 2019. *See* Pl.'s Mot. for Summ. J., ECF No. 16. Defendants requested three extensions of time to respond to Plaintiffs' summary judgment motion, indicating that DOL was "considering potential administrative action that would result in the resolution of the issues raised in Plaintiff's complaint," and later that DOL would "resume processing of the employer challenges to the [SPWD] determinations that were issued to Plaintiffs' employers . . . in 2013[,]" and would "issue a decision concerning the employers' challenges to the wage rates contained in the 2013 SPWDs to complete [DOL's] administrative review." *See* ECF Nos. 18, 19, 20.[3]

On March 9, 2020, Defendants filed a [22] Notice, indicating that the agency had "issued final determinations on the employer appeals" at issue in Plaintiffs' Complaint. *See* Notice ¶ 3, ECF No. 22. These determinations indicated that "the increased wage obligation that the [2013] SPWD purported to impose [are] now vacated." *See* Notice Ex. 4, ECF No. 24-5.

These determinations cited a "Notice of Withdrawal" issued by the Secretary of Labor effective March 9, 2020, which withdrew the earlier Notice of Intent. *See* Withdrawal of Notice

---

[3] On December 30, 2019, Defendants' counsel informed Plaintiffs' counsel by email that "within the next few weeks, DOL will lift the stay of action in the pending 2013 SPWD employer appeals in this case (as well as the 1,000+ other appeals). Shortly thereafter, the Administrator will issue a decision affirming the wage rates contained in the 2013 SPWDs." *See* Pls.' Opp'n to Mot. for Extension ¶ 4, ECF No. 21; *id.* Ex 1 (Decl. of Adam Pulver).

of Intent to Issue a Declaratory Order (March 13, 2020), 85 Fed. Reg. 14,706 ("Notice of Withdrawal").  In the Notice of Withdrawal, DOL found that BALCA's *Island Holdings* decision "sets forth the better view of the law" and that the 2013 SPWDs were "inconsistent" with DOL's regulations and the purpose of the H-2B program.  *Id.* at 14,709.

In light of these "drastically changed circumstances," the Court denied without prejudice Defendants' [13] Motion to Dismiss and Plaintiffs' [16] Motion for Summary Judgment.  *See* Mar. 12, 2020 Minute Order.  The Court set a briefing schedule for Plaintiffs' proposed motion for leave to amend their complaint, and directed the parties to address in their briefing "whether or not Plaintiffs' current Complaint has been made moot by Defendants' decision" and "if so, what effect the mootness has on Plaintiffs' request to file an Amended Complaint."  *Id.*

## II.  LEGAL STANDARD

Plaintiffs seek leave to amend and supplement their complaint.  Pursuant to Federal Rule of Civil Procedure 15(a), a party may "amend its pleading after a responsive pleading has been served only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Pursuant to Federal Rule of Civil Procedure 15(d), on "motion and reasonable notice, a court may, on just terms, permit a party to supplement its pleadings to set out any transaction, occurrence or event that happened after the date of the pleading to be supplemented."  Fed .R. Civ. P. 15(d).  Motions to amend under Rule 15(a) and motions to supplement under Rule 15(d) are subject to the same standard.  *See Wildearth Guardians v. Kempthorne*, 592 F. Supp. 2d 18, 23 (D.D.C 2008).

The decision to grant leave to amend or supplement a complaint lies within the discretion of the district court, but leave "should be freely given unless there is a good reason, such as futility, to the contrary."  *Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir.1996)

5

(internal citations omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182.

### III.  DISCUSSION

#### A.  Mootness of the Original Complaint

The Court shall first discuss the parties' arguments in response to the Court's order directing the parties to address whether "Plaintiffs' current Complaint has been made moot by Defendants' decision" and "if so, what effect the mootness has on Plaintiffs' request to file an Amended Complaint." Mar. 12, 2020 Minute Order.

Defendants argue that Plaintiffs' original complaint is moot and should be dismissed because DOL has resolved Plaintiffs' employers' SPWD appeals, so there is no further relief that the Court can grant Plaintiffs based on their original claims. Defs.' Opp'n at 13, 15. Plaintiffs concede that their claims challenging DOL's delayed response to their employers' SPWD appeals and its stay of reviewing those appeals were mooted by DOL's March 2020 determinations. *See* Pls.' Opp'n. at 20. Plaintiffs, however, contend, that there is still a live controversy between the parties because DOL was required to "impose on employers an obligation to pay workers the revised prevailing wage" and has continued to "withhold[ ] this lawfully required action." *Id.* The Court agrees with Plaintiffs that there appears to be a "live controversy" between the parties regarding DOL's obligations under the 2013 IFR.

Moreover, dismissal of Plaintiffs' original complaint is not required even if some of the claims are now moot. In *Dynalantic Corp. v. Dep't of Defense*, for example, the D.C. Circuit granted the plaintiff's request to amend its complaint after the government canceled the specific procurement challenged by the plaintiff. 115 F.3d 1012, 1015 (D.C. Cir. 1997). The court reasoned that allowing the plaintiff to amend its pleadings to raise a challenge to the procurement program as a whole was "only fair, given the government's switch of position after appellant had filed its opening brief." *Id.* The Court finds that the circumstances here are similar to those discussed in the D.C. Circuit's *Dynalantic* decision, including that the government's own actions after Plaintiffs commenced this lawsuit made Plaintiffs' claims "arguably moot." *Id.* at 1015. Accordingly, the mootness of Plaintiffs' original claims does not automatically foreclose the Court from allowing Plaintiffs' leave to amend their complaint. *See id.*

### B. Plaintiffs' Proposed Amended Complaint

Defendants' arguments opposing Plaintiff's motion for leave to amend and supplement their complaint are based solely on the "futility" of Plaintiffs' request. *See* Defs.' Opp'n at 15. Defendant does not raise "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party by virtue of allowance of the amendment," *Foman*, 371 U.S. at 182, as a basis for denying Plaintiff's motion. "Review for futility is practically 'identical to review of a Rule 12(b)(6) dismissal based on the allegations in the amended complaint.'" *Banner Health v. Burwell*, 55 F. Supp. 3d 1, 8 (D.D.C. 2014) (quoting *In re Interbank Funding Corp. Secs. Litig.*, 629 F.3d 213, 215–16 (D.C. Cir. 2016)). Plaintiffs propose to amend or supplement their complaint by modifying their existing two counts and bringing a third count under the APA.

7

In Count One of their original complaint, Plaintiffs alleged that the 2013 IFR required DOL to "to impose on an employer an obligation to pay workers the revised prevailing wage." Compl. ¶ 40. Plaintiffs, therefore, challenged under APA § 706(1) Defendants' "delay in giving effect to the wage rates set forth in the 2013 SPWDs" as "unreasonable" and in violation of "both the INA's statutory mandate and the [2013 IFR]." *Id.* ¶¶ 41, 42. Specifically, Plaintiffs contended that Defendants' "delay in resolving the administrative reviews" pending since 2014 was "unreasonable." *Id.* ¶ 41, 43. In their Amended Complaint, Plaintiffs would remove their allegation that Defendants' "delay" in resolving the *administrative appeals* was "unreasonable" under the APA. *See id.* ¶ 43. Plaintiffs concede that this claim is moot because DOL resolved Plaintiffs' employers' appeals in March 2020. *See* Pls.' Mot. at 20–21. Instead, Plaintiffs—in light of the March 2020 determinations vacating the 2013 SPWDs issued to their employers— would challenge as "unlawful" Defendants' failure to "issue final [SPWDs] reflecting the prevailing methodology in the [2013 IFR]." Am. Compl. ¶ 59, ECF No. 26-1. This allegation rests on the same rationale in the original complaint that DOL was required to impose on H-2B employers the revised prevailing wage rates and failed to do so. *See* Am. Compl. ¶ 58; *see also* Pls.' Reply at 5–6. For purposes of this Motion, the Court finds that Plaintiffs' proposed amended Count I is not futile and challenges to its merits may be raised through later dispositive motions

In Count Two of their original complaint, Plaintiffs alleged that Defendants' "ongoing stay of action with respect to the 2013 SPWDs" was "arbitrary and capricious" under APA § 706(2). Compl. ¶¶ 45–47. Recognizing that DOL's resolution of the employers' appeals rendered moot their challenge to DOL's "stay" of the appeals, *see* Pls.' Mot. at 20–21, Plaintiffs remove this allegation from their proposed Amended Complaint. Instead, they seek to challenge as "arbitrary and capricious" the March 9, 2020 Notice of Withdrawal. Am. Compl. ¶¶ 63–65. Plaintiffs

8

contend that DOL's reversal of its earlier Notice of Intent and decision to "accept" BALCA's decision in *Island Holdings* constitutes "final agency action" and is "contrary" to the 2013 IFR. *Id.* ¶ 65.

Defendants argue that this proposed change to Count Two is futile because the Secretary's March 9, 2020 Notice of Withdrawal was an exercise of discretionary authority and is not a "final agency action" because it merely "reiterate[d]" BALCA's earlier decision in *Island Holdings*, but did not determine rights or obligations or have legal consequences. Defs.' Opp'n at 19–20. Plaintiffs reply that the Notice of Withdrawal "adopt[ed] the *Island Holdings* decision as DOL's position for the very first time," noting, for example, that DOL previously represented in other litigation that the *Island Holdings* decision did *not* represent DOL's "legal or policy position." Pls.' Reply at 9–10 (citing DOL briefs in *Comité de Apoyo a Los Trabajadores Agricolas v. Perez*, 46 F. Supp. 3d 550, 555 (E.D. Pa. 2014); *Gonzalez-Aviles v. Perez*, No. JFM-15-3463, 2016 WL 3440581 (D. Md. June 17, 2016) ("The BALCA decision does not represent a 'final decision' of the Department of Labor.")). Rather, according to Plaintiffs, the decision in *Island Holdings* was merely a resolution of that particular case until DOL adopted it as the agency's policy through the Notice of Withdrawal. *Id.* at 10. The Court finds that Defendants have not demonstrated at this time that Plaintiffs' proposed changes to Count II are necessarily futile.

Plaintiffs also seek to supplement their Complaint by adding a third cause of action under APA § 706(2). In their supplemental Count Three, Plaintiffs allege that DOL's March 9, 2020 determinations vacating their employers' 2013 SPWDs were "unlawful" because "the operative regulations did not provide plaintiffs' employees with the right to seek administrative review on the ground that they disagreed with the agency's authority to issue SPWDs" and because "the letters . . . expressly relied on the arbitrary, capricious, and unlawful Secretary's March 9 Order."

9

Am. Compl. ¶¶ 67–69.  Defendants argue that this supplemental claim cannot survive a motion to dismiss because Plaintiffs lack standing to challenge the determinations issued by DOL to Plaintiffs' *employers* resolving their administrative appeals.  Defs.' Opp'n at 21.  Specifically, Defendants contend that a "declaration from the Court" that the agency's March 9, 2020 determinations were "arbitrary and capricious" would not redress Plaintiffs' injuries because Plaintiffs' "ability to actually collect any wages" from their employers "would be speculative at best."  *Id.* at 21–22.  Plaintiffs counter that "vacatur" of DOL's determinations to their employers would redress their injuries, essentially by reinstating the 2013 SPWDs, which, according to Plaintiffs, were required by the 2013 IFR and would result in Plaintiffs being paid the higher wage rate.  Pls.' Reply at 12.  They also contend that their employers' determinations were based on the "arbitrary and capricious" reversal of DOL's policy found in the Notice of Withdrawal.  *Id.*  The Court shall allow Plaintiffs to supplement their Complaint by adding this new third cause of action.  Upon the current record, Defendants have not demonstrated that this new claim is necessarily futile, as the relief requested by Plaintiffs would reinstate the 2013 SPWDs, which they contend entitle them to higher wages.  The merits of this argument shall be left for later dispositive motions.

## IV. CONCLUSION

For the foregoing reasons, the Court shall GRANT Plaintiffs' Motion for Leave to File an Amended and Supplemental Complaint.  An appropriate Order accompanies this Memorandum Opinion.

                                                 /s/
                                      COLLEEN KOLLAR-KOTELLY
                                      United States District Judge